# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RICKY HAND,

          Petitioner,    :    Case No. 3:19-cv-049

  - vs -                          District Judge Thomas M. Rose
                                     Magistrate Judge Michael R. Merz

NEIL TURNER, Warden,
  North Central Correctional

                                :
          Respondent.

# REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Ricky Hand to obtain relief from his convictions and sentence in the Clark County Common Pleas Court. The case was automatically referred to the undersigned under the Dayton General Order of Assignment and Reference and is before the Court for initial review.

Under Rule 4 of the Rules Governing § 2254 Cases, the clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

**Litigation History**[1]

Hand was indicted on thirty counts by a Clark County grand jury, including eleven counts of aggravated robbery, thirteen counts of robbery, two counts of breaking and entering, two counts of safecracking, one count of attempted safecracking, one count of abduction, and numerous firearm specifications. He pleaded guilty to seven counts in exchange for dismissal of the remaining twenty-three. After a presentence investigation, he was sentenced to an aggregate term of forty years imprisonment.

On appeal, Hand asserted the record did not support either the individual sentences imposed or the consecutive sentences. He also argued in his second assignment of error that his sentences constituted cruel and unusual punishment in violation of both the Ohio and federal constitutions. The Second District overruled both assignments of error and the Supreme Court of Ohio declined to exercise appellate jurisdiction.

Hand then filed for habeas corpus relief in this Court on February 13, 2019.[2] He pleads the following grounds for relief:

> **Ground One:** Petitioner's guilty plea is void. Trial court judge did not ask Petitioner what his plea was to each charge in violation of State of Ohio law. Therefore Petitioner seeks to be remanded to trial court for a new guilty plea hearing.
>
> **Supporting Facts:** Trial court judge never asked Petitioner what his plea was to each charge in violation of State of Ohio law. Therefore Petitioner seeks to be remanded to trial court for new guilty plea hearing.

---

[1] Taken from the opinion of the Second District Court of Appeals in *State v. Hand,* 2017-Ohio-7340 (2nd Dist. Aug. 25, 2017), appellate jurisdiction declined, 2018-Ohio-557 (2018).
[2] Hand signed the habeas petition on February 13, 2019, which is counted as the date of filing. *Houston v. Lack*, 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

**Ground Two:** The record does not support the individual sentences or the consecutive sentences imposed by the trial court.

**Supporting Facts:** Petitioner was sentenced to a maximum sentence of 12 months for breaking & entering, a near maximum sentence of 10 years for the aggravated robbery, and an upper range sentence of 6 years each for the 5 robberies. The counts were all consecutive except for the breaking & entering for a total of 40 years, close to the 52 maximum sentence for all 7 counts. Petitioner challenges the individual sentences as well as the consecutive sentences. There was no victim impact statement for any of the charges. Petitioner did not cause or expect to cause physical harm to any person or property. Petitioner did not use a real gun. Petitioner cited his drug problem and expressed his remorse for his conduct during an interview with law enforcement officers and during his allocution at his sentencing hearing. Petitioner was 46 years old at the time of sentencing, so the 40 year sentence is like a death sentence to him. There were no physical injuries or serious psychological harm to the victims. Now Petitioner will become a nursing home resident at state expense. Petitioner cooperated with the police about all of the counts, even several that the State would not have been able to prosecute otherwise. Petitioner got no benefit for his cooperation.

**Ground Three:** The prison terms imposed on Petitioner constitute cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution & Art. I, § 9 of the Ohio Constitution.

**Supporting Facts:** The Eighth Amendment protects against cruel and unusual punishment. Petitioner asserts that his individual & consecutive sentences are disproportionate to the crimes for which he was convicted. The individual sentences imposed by the trial court for each conviction are grossly disproportionate to the conduct related to the specific offense. Petitioner did not use a real gun. No victim was physically injured or suffered serious psychological injury. The trial court should have imposed the minimum sentence for each offense, not the maximum of upper range sanctions for each offense. The trial judge abused his discretion by acting unreasonably arbitrarily, and unconscionably. The 40 year sentence does not pass the proportionality test. Due to the Petitioner's age, the sentence imposed is a death sentence with little or no hope of release during Petitioner's life expectancy. The cumulative sentence is greater than for an offender who commits a murder or a rape. Petitioner should have received a sentence around one-half of what he received.

3

(Petition, ECF No. 3, PageID 23, 25, 26.)

# Analysis

**Grounds One and Two and Part of Ground Three Are Not Cognizable in Habeas Corpus**

In his first two Grounds for Relief, Petitioner asserts multiple violations of Ohio sentencing law in the sentences he received from the Common Pleas Court. In the first part of his Third Ground for Relief, he asserts they violated the Ohio Constitution's cruel and unusual punishment clause.

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. 2018)(Thapar, J. concurring). A federal habeas court may not re-evaluate a state court's interpretation of state law. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (*per curiam*).

Even if the Clark County Common Pleas Court did violate Ohio sentencing statutes in

imposing the sentences on Petitioner, that would not present a federal constitutional violation. Failure to abide by state law is not itself a constitutional violation. *Roberts v. City of Troy*, 773 F.2d 720 (6th Cir. 1985). Violation by a State of its own procedural rules does not necessarily constitute a violation of due process. *Bates v. Sponberg*, 547 F.2d 325 (6th Cir. 1976); *Ryan v. Aurora City Bd. of Educ.*, 540 F.2d 222, 228 (6th Cir. 1976). "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995).

In sum, this Court is bound by the Second District's interpretation of Ohio sentencing law in this case. Even if it were not, a violation of state procedural law does not of itself gives rise to a federal constitutional violation. Therefore, Grounds One and Two and the portion of Ground Three in which Hand asserts a violation of the Ohio Constitution should be dismissed.

**Ground Three: Violation of the Eighth Amendment**

When Hand comes in Ground Three to allege his sentences violate the Eight Amendment's Cruel and Unusual Punishment Clause, he has stated a claim which is cognizable in habeas corpus because it alleges a violation of the United States Constitution. He also alleged such a violation on direct appeal and the Second District decided this claim against him.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the

United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 100 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

The cruel and unusual punishment claims were Hand's second assignment of error on direct appeal and the Second District decided it as follows:

> [*P14] In his second assignment of error, Hand contends his individual and cumulative sentences constitute cruel and unusual punishment in violation of the Ohio and United States Constitutions. In particular, he contends the sentences, individually and cumulatively, are grossly disproportionate to the criminal conduct at issue. In support, he argues:
>
>> The individual sentences imposed by the trial court for each conviction is grossly disproportionate to the conduct related to the respective offense. Appellant did not use a real gun. No victim was physically injured or suffered serious psychological injury. The trial court should have imposed the minimum sentence for each offense, not the maximum or upper level sanction for each offense. The trial court did not properly consider the statutory guidelines of R.C. 2929.11 and R.C. 2929.12 for each offense.
>>
>> The cumulative sentence of forty years imposed by the trial court does not pass the proportionality test. Due to appellant's age, the sentence imposed is a death sentence with little or no hope for release given appellant's life expectancy. The cumulative sentence is greater than an offender who commits a murder or rape. Appellant should have received a sentence around one-half of what he received.
>
> (Appellant's brief at 12).
>
> [*P15] We find Hand's argument to be unpersuasive. His proportionality argument fails with respect to his cumulative 40-year sentence because proportionality review in the context of cruel and unusual punishment does not apply to aggregate sentences.

> "[F]or purposes of the Eighth Amendment and Section 9, Article I of the Ohio Constitution, proportionality review should focus on individual sentences rather than on the cumulative impact of multiple sentences imposed consecutively. Where none of the individual sentences imposed on an offender are grossly disproportionate to their respective offenses, an aggregate prison term resulting from consecutive imposition of those sentences does not constitute cruel and unusual punishment." *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, ¶ 20.
>
> [*P16] We also reject Hand's proportionality argument as it relates to the individual sentences he received. Each sentence was within the authorized range, and only one of those sentences (the 12-month sentence for breaking and entering, which the trial court imposed concurrently) was a maximum sentence. Trial courts may impose sentences within the statutory range, and a sentence within that range typically cannot constitute cruel and unusual punishment. *Id.* at ¶ 21. In any event, we see nothing about Hand's individual sentences that is "grossly disproportionate" to his corresponding crimes, particularly in light of his lengthy criminal record and prior prison terms. *Id.* at ¶ 14 (noting that gross disproportionality exists only when the sanction imposed under the circumstances is conscience shocking to a reasonable person and to the community's sense of justice). Contrary to Hand's argument, we also see no support for his claim that the trial court did not properly consider the principles and purposes of sentencing and the statutory seriousness and recidivism factors. The second assignment of error is overruled.

*State v. Hand,* 2017-Ohio-7340. Hand can obtain habeas corpus relief only if this decision is an objectively unreasonable application of clearly established Supreme Court precedent. It is not.

The leading Supreme Court case on applying the Cruel and Unusual Clause to non-capital cases is *Harmelin v. Michigan,* 501 U.S. 957 (1991):

> The Eighth Amendment proportionality principle also applies to noncapital sentences. In *Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), we acknowledged the existence of the proportionality rule for both capital and noncapital cases, *id.*, at 271-274, and n. 11, but we refused to strike down a sentence of life imprisonment, with possibility of parole, for recidivism based on three underlying felonies. In *Hutto v. Davis*, 454 U.S. 370, 374, and n. 3, 102 S.Ct. 703, and n 3, 70 L.Ed.2d 556(1982), we recognized the possibility of proportionality review but held it inapplicable to a

> 40-year prison sentence for possession with intent to distribute nine ounces of marijuana. Our most recent decision discussing the subject is *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). There we held that a sentence of life imprisonment without possibility of parole violated the Eighth Amendment because it was "grossly disproportionate" to the crime of recidivism based on seven underlying nonviolent felonies. The dissent in *Solem* disagreed with the Court's application of the proportionality principle but observed that in extreme cases it could apply to invalidate a punishment for a term of years. *Id.*, at 280, n. 3. See also *Hutto v. Finney*, 437 U.S. 678, 685, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978) (dicta); *Ingraham v. Wright*, 430 U.S. 651, 667, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977) (dicta).

*Id.* at 997-98 (1991). "One governing legal principle emerges as "clearly established" under § 2254(d)(1): A gross disproportionality principle is applicable to sentences for terms of years." *Lockyer v. Andrade*, 538 U.S. 63, 72 (2003). The Sixth Circuit "adheres to the 'narrow proportionality principle' for evaluating Eighth Amendment claims articulated in *Harmelin*." *United States v. Young,* 847 F.3d 328, 363 (6th Cir. 2017), citing *United States v. Graham*, 622 F.3d 445, 452 (6th Cir. 2010); *United States v. Hill*, 30 F.3d 48, 50-51 (6th Cir. 1994).

> The Court's cases addressing the proportionality of sentences fall within two general classifications. The first involves challenges to the length of term-of-years sentences given all the circumstances in a particular case. The second comprises cases in which the Court implements the proportionality standard by certain categorical restrictions on the death penalty.
>
> In the first classification the Court considers all of the circumstances of the case to determine whether the sentence is unconstitutionally excessive. Under this approach, the Court has held unconstitutional a life without parole sentence for the defendant's seventh nonviolent felony, the crime of passing a worthless check. *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). In other cases, however, it has been difficult for the challenger to establish a lack of proportionality. A leading case is *Harmelin v. Michigan,* 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), in which the offender was sentenced under state law to life without parole for possessing a large quantity of cocaine. A closely divided Court upheld the sentence. The controlling opinion concluded that the Eighth Amendment contains a "narrow proportionality principle," that

> "does not require strict proportionality between crime and sentence" but rather "forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Id.*, at 997, 1000-1001, 111 S.Ct. 2680 (KENNEDY, J., concurring in part and concurring in judgment). Again closely divided, the Court rejected a challenge to a sentence of 25 years to life for the theft of a few golf clubs under California's so-called three-strikes recidivist sentencing scheme. *Ewing v. California*, 538 U.S. 11, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003); see also *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). The Court has also upheld a sentence of life with the possibility of parole for a defendant's third nonviolent felony, the crime of obtaining money by false pretenses, *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), and a sentence of 40 years for possession of marijuana with intent to distribute and distribution of marijuana, *Hutto v. Davis*, 454 U.S. 370, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982) (per curiam).
>
> The controlling opinion in *Harmelin* explained its approach for determining whether a sentence for a term of years is grossly disproportionate for a particular defendant's crime. A court must begin by comparing the gravity of the offense and the severity of the sentence. 501 U.S., at 1005, 111 S.Ct. 2680 (opinion of KENNEDY, J.). "[I]n the rare case in which [this] threshold comparison . . . leads to an inference of gross disproportionality" the court should then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions. *Ibid*. If this comparative analysis "validate[s] an initial judgment that [the] sentence is grossly disproportionate," the sentence is cruel and unusual. *Ibid.*

*Graham v. Florida*, 560 U.S. 48, 59-60 (2010).

In applying these principles in *State v. Hairston*, 118 Ohio St. 3d 289 (2008), the Supreme Court of Ohio held that under both the Ohio and federal constitutions, the gross proportionality standard is to be applied to individual crimes and not to the aggregate sentence imposed at one time for a number of different crimes. 118 Ohio St. 3d at 294, citing *United States v. Aiello*, 864 F.2d 257 (2nd Cir. 1988), citing *O'Neil v. Vermont*, 144 U.S. 323 (1892); *Hawkins v. Hargett*, 200 F.3d 1279, 1285, fn.5 (10th Cir. 1990); *Pearson v. Ramos*, 237 F.3d 881, 886 (7th Cir. 2001)("it is wrong to treat stacked sanctions as a single sanction [because] [t]o do so produces the ridiculous

consequence of enabling a prisoner, simply by recidivating, to generate a colorable Eighth Amendment claim"); *United States v. Schell*, 692 F.2d 672, 675 (10th Cir. 1982). Thus, the notion that gross disproportionality is to be applied to each offense, rather than cumulative sentences for different crimes, is plainly a reasonable application of the Supreme Court precedent.

Applying the Eighth Amendment to each of the offenses for which Hand was sentenced, the Second District found no gross disproportionality. That conclusion was also objectively reasonable. The Supreme Court precedent cited above found long sentences not to be grossly disproportionate to the individual crimes involved. As Hand's pleading implicitly concedes, none of the sentences was in excess of the maximum prescribed by the General Assembly.

As the Second District pointed out, what Hand's argument misses is that he was being sentenced for seven different crimes. While forty years might conceivably be grossly disproportionate for one unarmed robbery, six years is not and Hand pleaded guilty to five such robberies.

Hand's argument also ignores his past criminal record. At the time he was sentenced, he had prior convictions for robbery, breaking and entering, burglary, and safecracking. As the trial judge notes, these prior convictions did not result in his reform. Hand also complains that a sentence of forty years imposed on a forty-six year old is a "death" sentence. It is not, although it may amount to a life sentence. But when a forty-six year old person has steadily accumulated felony convictions throughout his adult life, a court might well conclude that nothing short of long-term imprisonment will protect the public.

The Second District's decision is an objectively reasonable application of the relevant Supreme Court precedent and is therefore entitled to deference under 28 U.S.C. § 2254(d)(1). Hand's Eighth Amendment claim in his Third Ground for Relief should be dismissed.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

February 20, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).