# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RICKY HAND,

          Petitioner,       :      Case No. 3:19-cv-049

  - vs -                         District Judge Thomas M. Rose
                                 Magistrate Judge Michael R. Merz

NEIL TURNER, Warden,
  North Central Correctional

                             :

          Respondent.

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case IS BEFORE THE Court on Petitioner's Objections (ECF No. 7) to the Magistrate Judge's Report recommending the Petition be dismissed with prejudice (ECF No. 4). Judge Rose has recommitted the case for reconsideration in light of the Objections (ECF No. 8).

In the Report, the Magistrate Judge concluded that in Grounds One and Two and in part of Ground Three, Petitioner was complaining that the state trial judge had violated Ohio law in imposing sentence (ECF No. 4, PageID 37-38). The Report notes that violations of state law cannot be heard on the merits in habeas corpus. *Id.* at PageID 38.

Hand objects that "[i]f a state law is not applied properly or followed, then it is in violation of the constitution of due process and equal protection of law under the fourteenth amendment." (Objections, ECF No. 7, PageID 48). That is simply not an interpretation of the Fourteenth Amendment that has ever been adopted by the United States Supreme Court. As the Sixth Circuit

1

held in *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995), "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." It is up to the state courts to enforce state law and in this case the relevant state court, the Ohio Second District Court of Appeals, found there was no violation of state law[1] in the sentences imposed.

As to that portion of Ground Three raising a Cruel and Unusual Punishment claim, the Magistrate Judge held that the sentences imposed on Hand had to be considered individually rather than collectively, relying on Supreme Court precedent to that effect (Report, ECF No. 4, PageID 38-43). Hand objects that the Constitution nowhere on its face states that proportionality review is to be made with respect to individual sentences, rather than as to "punishment" as a whole. However, a federal habeas court cannot apply an interpretation of the Constitution which is contrary to what the Supreme Court says it means. To do so would completely disrupt the hierarchical nature of our federal court system. Trial courts are obliged to follow precedent set by Supreme Court and Courts of Appeals. "Unless we wish anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be." *Hutto v. Davis*, 454 U.S. 370, 375 (1982).

---

[1] The Objections state that the "Magistrate Judge in this case obviously finds that there is a violation of state law by the trial court. . ." (ECF No. 7, PageID 49). That is not so. The Report did not consider on the merits any claim of violation of state law made by Petitioner.

**Conclusion**

Petitioner's Objections are not well taken and should be overruled. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

March 28, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).